IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GERALD-LEON AIKENS, JR., :
: 
       Plaintiff, :
:
  v. : Civil Action No. 21-380-RGA
:
MATTHEW MEYER, et al., :
:
       Defendants. :

Gerald-Leon Aikens, Jr., Wilmington, Delaware.   Pro Se Plaintiff.

**MEMORANDUM OPINION**

November _1_, 2021
Wilmington, Delaware



ANDREWS, U.S. District Judge:

Plaintiff Gerald-Leon Aikens, Jr., who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on March 15, 2021. (D.I. 2). Since then he has filed supplements to the Complaint. (D.I. 5, 6). I will review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges violations of his right to travel, the Fourth Amendment, the 2006 United Nations Declaration on the Rights of Indigenous People, and he asserts a common law copyright claim. (D.I. 2 at 3). The named defendants are NCC County Executive Matthew Meyer, "State of Delaware Chief" Patrick Ogden, Justice of the Peace Rodney Vodery, and Police Officer A. Desiderio. The facts are taken from a statement of facts filed by Plaintiff as a declarant. (D.I. 2-1 at 3).

On October 24, 2020, Plaintiff was pulled over by Defendant Officer A. Desiderio. (*Id.*). Plaintiff asked why he had been pulled over and Desiderio responded that the plate displayed on the vehicle was not valid. (*Id.*).

Plaintiff explained to Desiderio that as a "legal non U.S. Citizen American National secured party individual, he is not required to subscribe to the state's jurisdiction as he does not reside within" Officer Desiderio's jurisdiction and "that the plate displayed is his Sovereign right to use for his Sovereign 2003 Dodge Durango property." (*Id.* at 3). Plaintiff next gave Desiderio his "legal non U.S. Citizen American National Secured Party identification currently registered with the NY State Secretary of State . . . along with his non-active Delaware State ID." (*Id.*). Desiderio returned to his police car and after seven minutes returned to Plaintiff's car with a mandatory

appearance for three violations. (*Id.*). Plaintiff alleges that he did not give Desiderio permission to use his trade name/copyright on the affidavit presented him by the State of Delaware. (*Id.*). Plaintiff filed a notice challenging the constitutionality of 21 Del. C. § 2101 (failure to have insurance identification in possession) and § 2118 (operation of an unregistered motor vehicle). (D.I. 5).

Plaintiff seeks $9,150,000 in compensatory damages and the removal of all information held in copyright. (D.I. 2 at 7).

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However,

3

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. See Johnson v. City of Shelby, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. See id. at 11.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. See Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir.

2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

## DISCUSSION

**Judicial Immunity**. One named defendant is Justice of the Peace Rodney Vodery. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted).

J.P. Vodery is named as a respondent in Plaintiff's notice of international commercial claim administrative remedy. (D.I. 2-1 at 1). There are no allegations directed towards Magistrate Vodery. While not clear, it appears that Plaintiff may have appeared in court before J.P. Vodery. If so, then the actions taken by J.P. Vodery are related to actions he took in his judicial capacity. In addition, there are no facts that would show that J.P. Vodery acted in the absence of jurisdiction. Therefore, he will be dismissed as a defendant. Amendment is futile as to any claim raised against him.

**Claims against Matthew Meyer and Patrick Ogden**. The claims against Defendants New Castle County Executive Matthew Meyer and Chief of Police Patrick Ogden appear to be based upon their supervisory positions. There are no allegations

directed towards either person. Their names are listed as respondents in Plaintiff's notice of international commercial claim administrative remedy. (D.I. 2-1 at 1).

It is well established that a cause of action brought under 42 U.S.C. § 1983 requires a plaintiff to plead that each government official, through the official's own individual actions, has violated the Constitution. *Rahim v. Holden*, 831 F.Supp.2d 845, 848-49 (D. Del. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (cleaned up). Vicarious liability is inapplicable to § 1983 suits, and "personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff s constitutional right." *Rahim*, 831 F.Supp.2d at 849.

Plaintiff provides no facts as to how or when Meyer or Ogden violated his constitutional rights. Nor does Plaintiff allege that Meyer or Ogden expressly directed the deprivation of his constitutional rights. Finally, there are no allegations that Meyer or Ogden played any role in the alleged wrongdoing or was in any way responsible for the acts of any of the other named defendants. Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court will dismiss the claims raised against Meyer and Ogden. The Court finds amendment futile as to the claims raised against Meyer and Ogden.

**Claims against Desiderio**. Plaintiff alleges that Desiderio infringed upon his right to travel, violated the Fourth Amendment because a warrant was not presented for the traffic stop, and infringed upon his trade name/copyright. The claims will be dismissed.

**Travel**. "The Supreme Court repeatedly and consistently has recognized a fundamental right to interstate travel. . . ." *Maldonado v. Houstoun*, 157 F.3d 179, 185 (3d Cir. 1998). The right to travel has at least three components: "(1) the right of a citizen of one State to enter and to leave another State; (2) the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State; and (3) for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 213 (3d Cir. 2013) (quoting *Saenz v. Roe*, 526 U.S. 489, 500 (1999) (internal quotation marks omitted). The claim is pled in a conclusory manner. In addition, nothing in the Complaint plausibly suggests that the right to interstate travel is implicated. Nor does the Complaint suggest that Plaintiff was discriminated against as an interstate traveler or based on his residency in a given state. Plaintiff fails to state a state a claim for violation of the right to travel, and the claim against Desiderio will be dismissed. The Court finds amendment futile as to this claim.

**Fourth Amendment**. The Fourth Amendment protects individuals from unreasonable searches and seizures by the government. U.S. Const. amend. IV; *Maryland v. King*, 569 U.S. 435, 447 (2013). None of Desiderio's actions as alleged by Plaintiff state a claim under Section 1983. There are no factual allegations to support the claim that an unlawful traffic stop occurred in violation of the Fourth Amendment. Traffic stops are "seizures" within the meaning of the Fourth Amendment, although "the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *see also United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006). A "police officer who observes a violation of state traffic laws

may lawfully stop the car committing the violation." *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977)).

As alleged, Desiderio stopped Plaintiff because the plate displayed on Plaintiff's vehicle was not valid. Under Delaware law, 21 Del. C. § 2101(a), a person may not drive a vehicle that is not registered and for which current registration plates have not been issued. Plaintiff does not dispute that he was driving a vehicle without a proper license plate. Rather, he advised Desiderio that he was not required to subscribe to Delaware's jurisdiction. (*See* D.I. 2-1 at 3). *See Bey ex rel. Ruiz v. McKinney*, 2017 WL 1024275, at *3 (D.N.J. Mar. 15, 2017) (police officer had probable cause to stop cause that was driven without a proper license plate). Under the facts as pled, Plaintiff's fictious license plate gave Desiderio probable cause to stop the car. Nor does the Complaint allege that Plaintiff presented Desiderio with any valid documentation. Thus, Desiderio acted under lawful authority when he stopped Plaintiff and issued him traffic citations. The Complaint does not allege that Desiderio violated Plaintiff's Fourth Amendment rights. Therefore, the claim will be dismissed. The Court finds amendment futile.

**Common Law Copyright**. Plaintiff attempts to raise a common law copyright claim. He alleges that he did not give Desiderio permission to use his trade name/copyright on the affidavit presented to him by the State of Delaware. The Complaint does not state if the common law claim is raised under federal or state law. Moreover, the claim is pled in a conclusory manner and does not state a plausible claim. The copyright claim is frivolous and does not meet the pleading requirements of *Iqbal* and *Twombly*. It will be dismissed. Amendment is futile.

8

**United Nations Declaration.** As a basis for jurisdiction, Plaintiff asserts a violation of the 2006 United Nations Declaration on the Rights of Indigenous People. The claim is pled in a conclusory manner without supporting facts. It does not state a plausible claim on its face, is frivolous, does not meet the pleading requirements of *Iqbal* and *Twombly*, and will be dismissed. Amendment is futile.

**State Claims.** Because the Complaint fails to state a federal claim and to the extent Plaintiff attempts to raise a common law copyright claim under Delaware law, the Court declines to exercise jurisdiction over the supplemental state law claim. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and (2) decline to exercise supplemental jurisdiction. The Court finds amendment futile.

An appropriate order will be entered.